Argued March 1, reversed April 3, 1978

In the Matter of Newman, Sherri, Avery Jr.,
and Gary, Minor Children
STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY et al,
*Respondents,*
*v.*
NEWMAN, *Appellant.*
(No. 56,135, CA No. 8741)
576 P2d 810

Robert L. Kirkman, Portland, argued the cause for appellant. With him on the briefs was Solomon, Warren, Kolleen & Kirkman, Portland.

Carol Molchior, Certified Law Student, Salem, argued the cause for respondent State ex rel Juvenile Department of Multnomah County. With her on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

No appearance for respondent children.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

LEE, J.

**LEE, J.**

This is an appeal by the father of three children[1] from an order terminating his parental rights. ORS 419.523(3). The father, a Missouri resident, contends that the evidence is insufficient to support the allegation that he failed and neglected without reasonable and lawful cause to provide for the basic physical and psychological needs of his children from October, 1975, to the date of the filing of the petition to terminate. Our review is de novo. ORS 419.561(4); 19.125(3). We reverse.

The petition for termination of father's parental rights, filed on March 24, 1977, alleges in pertinent part that:

"B. The father of the above-named children has failed and neglected without reasonable and lawful cause to provide for the basic physical and psychological needs of the children for one year prior to the filing of this petition, to-wit:

"1. The father of the above-named children has failed to visit, contact or communicate with the children or with the custodian of the children in any manner other than incidental since October, 1975.

"2. The father of the above-named children has failed to provide care or pay a reasonable portion of substitute physical care and maintenance for the children since October, 1975."

The evidence shows that the mother and father separated in 1972 and the mother took the children without giving the father an address indicating where she and the children could be reached. In 1973 the mother obtained an Oregon decree of dissolution of the marriage which did not contain any provision for support of the children. The father's work history was sporadic and the Missouri Division of Family Services indicated to the Oregon Children's Services Division (CSD) that he should not be looked to as a source of

---

[1] The children's ages at the time of the hearing were six, eight and nine years.

support. There is evidence that the father's gross income in 1975 and 1976 was approximately $6,000 per year. On August 20, 1975, the mother turned the children over to the Oregon CSD and they were thereafter made wards of the court. Later, mother called father in Missouri and he contacted the Division of Family Services in Missouri concerning the children. Subsequently, he called the CSD in Oregon. The CSD representative who was assigned to the children's case at that time testified that the father asked if he could come immediately and pick the children up. CSD advised father to contact an attorney in Missouri since the children had been made wards of the court.

A different CSD representative, who was assigned to the case in September, 1975, testified that she had talked to father on the phone at least three or four times; that he asked about visitation; that father corresponded with the children on two occasions; that father discussed leasing a house to provide a home for the children; that father sent each of the children birthday cards and pictures; and that father wrote to CSD on July 29, 1976, and asked about the children. In addition, phone messages showed that father called the CSD representative twice while she was out of the office and that one time he left a phone number where he could be reached. On October 19, 1976, an attorney who would not give his name called CSD and requested the children's address but the recipient of the call refused to supply that information without approval of higher authority. Father sent a letter dated November 30, 1976, to CSD stating that he had made a trip to Oregon and that when he was unable to reach the CSD representative assigned to the children's case, he contacted an attorney to request the children's address for him. Father testified that he came to Oregon as a passenger with another couple and returned to Missouri with them. CSD requested father voluntarily to relinquish his parental rights. On December 30, 1976, father's attorney wrote to CSD stating that father expected to have contact with his children and to support them and that he would use all

available resources to oppose any attempts to terminate his parental rights. On January 28, 1977, father wrote CSD and sent $15, *i.e.,* $5 toward the support of each child. Father testified that on the advice of counsel he did not volunteer further financial support.

Father's evidence shows that between October, 1975, and January, 1976, he made seven telephone calls from Missouri to Oregon concerning the children; that he also made numerous phone calls in 1976; that he thought he had sent about six letters to the children since they were placed in the care of the CSD; and that he had been unaware of the children's physical whereabouts until the end of 1976. The trial judge made no finding on the credibility of the witnesses.

The petition specifically alleged that father had failed to visit, contact or communicate with the children or their custodian in any manner other than incidental since October, 1975, and further that he had failed to provide care or pay a reasonable portion of substitute physical care and maintenance for the children since October, 1975. The state has the burden of proving the allegations of the petition by a "preponderance of competent evidence." ORS 419.525(2). The testimony demonstrates that the father made numerous attempts by telephone, mail and through attorneys to contact his children together with payment of token support not required by the decree of dissolution of marriage. Under the foregoing facts we cannot say that the father's "neglect" was without just and sufficient cause.[2] *See Swarthout v. Reeves,* 26 Or App 763, 766-67, 554 P2d 617 (1976). Since the state has failed to establish by a preponderance of the evidence that the father neglected his children within the purview of ORS 419.523(3) we do not reach the other assignments of error.

Reversed.

---

[2]There was evidence that the father's parental rights might have been subject to termination because of other conduct on his part but such conduct was not alleged in the petition.